## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| QUINTESSENTIAL BIOSCIENCES, INC. ("Q SCIENCES"); and JAKE SPENCER,<br><br>Plaintiffs,<br><br>v.<br><br>JASON WHITE and TESSA WHITE; and COLE THURMAN, and JOHN DOES 1-25,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING JOINT MOTION TO ENTER STIPULATED ORDER AND SRIPULATED MOTION TO DISMISS**<br><br>Civil No. 2:20-cv-000456-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On July 31, 2020, the parties notified this court that Plaintiffs and Defendants had reached settlement. *See* Dkt. No. 41. Pursuant to the settlement, the parties have jointly moved the court to enter a stipulated order, *see id.*, and have filed a stipulated motion for dismissal with prejudice, *see* Dkt. No. 42.

Based on its review of the joint motion to enter a stipulated order and the other filings in this case, and for good cause appearing, the court finds that the order proposed by the parties is fair, reasonable, and consistent with the public interest. *See Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014–15 (7th Cir. 1980). The court further finds that this proposed order "spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction" and "com[es] within the general scope of the case made by the pleadings." *Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citation and internal quotation marks omitted). Finally, the court finds that the proposed order does not "conflict[] with or violate[] the [law] upon which the complaint was based" but instead "further[s] the objectives" of that law. *Id.* at 525–26.

The court accordingly **GRANTS** both the joint motion for entry of a stipulated order (Dkt. No. 41), and the stipulated order to dismiss with prejudice (Dkt. No. 42). **IT IS HEREBY ORDERED THAT**:

1.      From the entry of this Order through and including October 4, 2020, Defendants Jason and Tessa White agree that they will not engage in "Cross Recruiting" of current Q Sciences Ambassadors. Cross Recruiting is the actual or attempted solicitation, recruitment or enrollment, either directly or indirectly, of current Q Sciences Ambassadors to participate in any other commission-based network marketing opportunity. For example, the Whites cannot present or assist in the presentation of another network marketing venture to any current Q Sciences Ambassadors. Likewise, the Whites cannot implicitly or explicitly encourage any current Q Sciences Ambassadors to join them in any other network marketing business ventures. However, the Whites may engage in such Cross Recruiting activities if they personally sponsored the Q Sciences Ambassador(s) being targeted by the Cross Recruiting activities. For example, if the Whites personally sponsored Jane Doe to be a Q Sciences Ambassador and also wanted to solicit Jane Doe to participate in another network marketing business venture, the Whites may do so.

2.      Defendant Thurman shall have no restrictions on his business activities.

3.      Defendants Jason and Tessa White will encourage any former Q Sciences Ambassadors with whom they may do business as follows: "We encourage all of you who were formerly with Q Sciences to comply with Section 6.8.1 of the 2020 Q Sciences Policies and Procedures."

4.      In response to any contact from current Ambassadors of Q Sciences from the date of this Order through and including October 4, 2020, the Whites agree to state as follows: "We are

unable to recruit or enroll former Q Sciences Ambassadors who are responding to any form of solicitation until after October 4, 2020."

     5.      Except as set forth in this Order, the parties shall immediately remove any reference to any opposing party that appears on any social media page within their control and agree not to make defamatory statements about any opposing party.

     6.      The Court's July 23, 2020 Temporary Restraining Order (Dkt 35) is hereby vacated.

     7.      The above-captioned action is dismissed with prejudice.

     8.      Each party shall bear its own attorneys' fees and costs.

     9.      This court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Order.

DATED this 4th day of August, 2020.

BY THE COURT

_____
Howard C. Nielson, Jr.
United States District Judge